

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER VICTORIA, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 8:23-04677-MGL |
| | § | |
| | § | |
| WARDEN PALMER, | § | |
| Respondent. | § | |

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION,
### AND DISMISSING PETITION WITHOUT PREJUDICE
### AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN

---

Petitioner Christopher Victoria (Victoria) filed a petition for habeas corpus under 28 U.S.C. § 2254 against Respondent Warden Palmer (Palmer).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Victoria's petition without prejudice and without requiring Palmer to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 12, 2023.  The Clerk's Office docketed Victoria's objections on November 3, 2023.

Victoria objects to the Magistrate Judge's determination the Court should refrain from excusing him from the exhaustion requirement in this case.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (internal citations omitted)

For the Court to excuse the exhaustion requirement, Victoria must show either sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, or a "fundamental miscarriage of justice" has occurred.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Victoria was convicted of an inmate disciplinary violation after a guilty plea.  He contends a guilty plea is considered nongrievable, and thus it is impossible to exhaust his remedies.

He alleges he filed an "informal resolution" grievance, which was considered "unprocessed[.]"  Petition at 5.  He claims he was told "no" when he asked if he could file a "step 2" grievance.  *Id.*  And, he contends without a "step 2" grievance decision, he is unable to take the subsequent required steps of appealing to the administrative law court or, subsequently, to the South Carolina state court.

Yet, even if the Court could excuse Victoria's failure to file a step 2 grievance, he has also neglected to even attempt the other phases of exhaustion.  *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000) (setting forth the requirements to exhaust state court remedies when attacking the results of an inmate disciplinary action).

The Court therefore determines Victoria has failed to show cause.  Thus, even if he could show prejudice, because both cause and prejudice are required, his arguments fail.  And, he has neglected to show a fundamental miscarriage of justice.  The Court will thus refrain from excusing his failure to exhaust his remedies and will overrule the objection accordingly.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Victoria's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Palmer to file a return.  Victoria's motion for a subpoena is necessarily **DEEMED AS MOOT**.

To the extent Victoria seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of March 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.